UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| DELIVETRICK DEWON BLOCKER, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| v. | ) | No. 1:04-cv-32 |
| | ) | *Edgar* |
| VIRGINIA LEWIS, Warden, | ) | |
| | ) | |
| *Respondent.* | ) | |

## **MEMORANDUM AND ORDER**

On November 8, 2005, petitioner Delivertrick Dewon Blocker ("Blocker" or "petitioner") filed a motion requesting an extension of time in which to file an appeal [Court File No. 18]. The entry of judgment dismissing Blocker's habeas petition was entered on May 25, 2005. Blocker states an appeal was not timely filed because his jail house lawyer was placed in involuntary segregation.

Blocker asserts that after spending a few months trying to retrieve his legal documents from his jail house lawyer, he enlisted the assistance of Ms. Sharon Taylor, the Educational Director at Northeast Correctional Complex in Mountain City, Tennessee. Blocker has filed Ms. Taylor's affidavit which was signed on October 31, 2005. Ms. Taylor avers she retrieved Blocker's legal documents from the jail house lawyer after being notified Blocker needed to obtain his legal documents to file an appeal [Court File No. 18].

This Court does not have the jurisdiction or authority to grant leave or permission to Blocker to file a late appeal. Rule 4(a)(1) of the Federal Rules of Civil Procedure provides that in a civil case

1

the notice of appeal must be filed in the district court within thirty (30) days after the judgment or order appealed from is entered. The thirty-day deadline for Blocker to file his notice of appeal under Fed. R. App. P. 4(a)(1) expired on June 24, 2005. The instant motion was filed on November 8, 2005, almost five months after entry of judgment in his habeas case. Rule 4(a)(5) of the Federal Rules of Civil Procedure offers Blocker no relief because an appeal may not be granted unless the motion requesting the extension of time is filed no later than 30 days after the expiration of the original appeal time. *Becker v. Montgomery*, 532 U.S. 757, 763 n. 2 (2001). Blocker was required to file the instant motion no later than July 25, 2005.

The Court cannot grant Blocker an extension of time to file a notice of appeal at this late date. FED. R. APP. P. 4(a)(5) provides in pertinent part:

> (5) Motion for Extension of Time.
>    (A) The district court may extend the time to file a notice of appeal if:
>       (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>       (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>    (B) . . .
>
>    (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

A district court is only authorized under Rule 4(a)(5) to grant a defendant's motion for an extension of time to file a notice of appeal for a maximum of thirty days beyond the thirty-day time limit upon a showing of excusable neglect or good cause. If a motion to extend the time for filing a notice of appeal is filed more than thirty days after the thirty-day Rule 4(a)(1) deadline, the district court cannot grant an extension, irrespective of any good cause or excusable neglect. *See Cavaliere*

2

*v. Allstate Ins. Co.*, 996 F.2d 1111, 1114-15 (11th Cir. 1993); *Martinez v. Hoke*, 38 F.3d 655, 657 (2d Cir. 1994).

Although the Court may, upon motion and in the absence of prejudice to any other party, "reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal" under Rule 4(a)(6), the Court may do so only if the party has not received notice of the entry of judgment. Blocker can receive no benefit from this rule because he received notice of the entry of judgment.

"Under well-established law, a district court may grant a motion for extension of time to file a notice of appeal only if the motion is filed not later than 60 days after entry of the judgement from which appeal is being taken." *Allen v. Culliver*, 2005 WL 1155672 (S.D.Ala. 2005). Blocker filed the instant motion almost five months after entry of judgment. Consequently, the thirty-day appeal period prescribed by Federal Rules of Appellate Procedure 4(a)(1), and the additional thirty-day period prescribed by Federal Rules of Appellate Procedure 4(a)(5) for seeking an extension of the filing period, have both expired. Consequently, this Court lacks jurisdiction to grant Blocker an extension of time in which to appeal.

Accordingly, Blocker's motion for an extension of time in which to file an appeal is **DENIED** [Court File No. 18].

SO ORDERED.

ENTER this *31st day of January, 2006*.

                                        */s/ R. Allan Edgar*
                                        R. ALLAN EDGAR
                                   UNITED STATES DISTRICT JUDGE